UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DANIELLE MARIE TURNER,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:17-CV-84-JEM |
| NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Danielle Marie Turner on February 22, 2017, and Plaintiff's Opening Brief [DE 15], filed by Plaintiff on June 19, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 18, 2017, the Commissioner filed a response, and on August 11, 2017, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.     Background**

On May 29, 2013, Plaintiff filed an application for benefits alleging that she became disabled on April 9, 2012. Plaintiff's application was denied initially and upon reconsideration. After a hearing on June 3, 2015, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified, Administrative Law Judge ("ALJ") Margaret Carey issued a decision on June 26, 2015, finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.     The claimant met the insured status requirements of the Social Security Act through December 31, 2017.

1

2. The claimant has not engaged in substantial gainful activity since April 9, 2012, the alleged onset date.

3. The claimant has severe impairments: affective disorders (depression, bipolar), anxiety disorders (posttraumatic stress disorder (PTSD), anxiety), a personality disorder, and status post fractures of her feet and ankle.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except: she can occasionally climb ramps and stairs, but she can never crawl or climb ladders, ropes, or scaffolds. The claimant cannot have any exposure to unprotected heights, moving mechanical parts, or slippery wet surfaces, and only occasional exposure to vibration and wetness. She is further limited to simple, routine task involving only simple work-related decisions, and requiring a break every two hours that can be accommodated by normal breaks and lunch. She is also limited to no interaction with the public, only occasional interaction with coworkers with no tandem tasks, and only occasional interaction with supervisors.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-49 on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 9, 2012, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard or Review

The Social Security Act authorizes judicial review of the final decision of the Social Security Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v.*

*Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in her analysis of the opinion of Plaintiff's treating psychiatrist, erred in evaluating Plaintiff's residual functional capacity ("RFC"), and did not properly analyze her subjective allegations. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

4

A. Listing Analysis

Plaintiff argues that the ALJ erred in failing to find that Plaintiff meets Listing 12.04 for affective disorders or Listing 12.06 for anxiety-related disorders. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two of the ALJ's analysis requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c); 416.920(c). The determination of whether a claimant suffers from a severe condition that meets a listed impairment comes at step three of the sequential analysis. At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id.*

As relevant in this case and in accordance with the regulations in effect at the time of the ALJ's opinion, for a claimant to meet the criteria of Listing 12.04 for affective disorders or Listing 12.06 for anxiety related disorders, there must be medically documented persistence of a particular

5

mental health syndrome that results in at least two of the "B" criteria: "1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Plaintiff argues that the record supports a finding that Plaintiff has marked limitations in concentration, persistence, or pace, and marked limitations in activities of daily living, including the ability to care for her personal needs or interact with others. The Commissioner argues that Plaintiff has not met her burden of showing that her impairments met or equaled the requirements of either listed impairment. The ALJ addressed each of the Paragraph "B" criteria for the listings and found moderate restrictions in activities of daily living, moderate difficulty maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. This case is being remanded for other reasons, as described below. On remand, the ALJ is reminded of the need to examine the evidence and explain her analysis in determining whether Plaintiff's symptoms meet a listed impairment.

    B.    <u>Residual Functional Capacity</u>

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). Plaintiff argues that the ALJ erred in her determination of how much weight to give the opinions of Plaintiff's treating sources. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Plaintiff's treating psychiatrist completed a questionnaire addressing Plaintiff's symptoms. He opined that she had difficulty initiating activities, difficulty making decisions, was early overwhelmed, and found it very difficult to attended do a simple work routine on a consistent basis. The entirety of the ALJ's description of this opinion is that it was "given little evidentiary weight" because, "[a]lthough one of the claimant's treating physician's, Dr. Framption's opinion is simply not supported by the totality of the evidence, including his own treatment notes." AR 28. She does not refer to any supposedly contradictory evidence or treatment notes that contradict the opinion. In the same paragraph, the ALJ addressed the opinion of another treating psychotherapist, stating, without any further analysis, that it was given "some evidentiary weight to the extent it indicates the claimant is not disabled." AR 28.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96–5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

In this case, the ALJ gave almost no explanation for her decision to essentially reject the opinions the physician who treated Plaintiff's mental health disorders. Because the ALJ failed to

7

give controlling weight to Plaintiff's treating psychaiatrists, she was required to analyze the following factors to describe what weight to give their opinions: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision."). This the ALJ failed to do.

This failure is even more striking since there is no indication that the ALJ gave weight to any mental health evidence in the record. The ALJ gave "little weight" to the opinions of the agency psychological consultants, and gave "little evidentiary weight" to the opinions of Plaintiff's other mental health treatment providers because they were not acceptable medical sources and because their findings were based on subjective complaints. As with the treating physicians, the ALJ failed to comply with the requirements for weighing source opinions. *See* SSR 06-03p, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; [and] Whether the source has a specialty or area of expertise related to the individual's impairment(s)"); *see also* 20 C.F.R. § 404.1545(a)(3).

The Court is unable to determine what evidence, if any, provides the basis for the ALJ's

assessment of Plaintiff's mental health and how any limitations were incorporated into the RFC. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded."); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."). In addition, the Court is concerned that the ALJ failed to consider the combination of Plaintiff's impairments, a failure that is particularly concerning given her obesity and the fact that she suffers from a number of both physical and mental health limitations. *See, e.g., Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ("[A]n ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." ); *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) ("[A]n ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe.") (citing 20 C.F.R. § 404.1523; *Golembiewski*, 322 F.3d at 918); *Hernandez v. Astrue*, 277 F. App'x 617, 623-24 (7th Cir. 2008) ("Social Security Ruling 02-1p requires an ALJ to consider the exacerbating effects of a claimant's obesity on her underlying conditions (even if the obesity is not itself a severe impairment) when arriving at a claimant's RFC.") (citing SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002)) (other citations omitted).

Similarly, the Court cannot determine how the ALJ incorporated Plaintiff's moderate limitations in concentration, persistence, and pace into the RFC. A limitation to simple work is generally insufficient to account for moderate limitations in concentration, persistence, or pace because "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620-21 ("In most

9

cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace."); *see also Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011) (concluding that limitations to sedentary and light unskilled work did not "address[] the impact of the mental limitations . . . which . . . limited [the plaintiff]'s ability to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment"); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *see also* SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985) ("Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job."). On remand, the ALJ is directed to thoroughly explain how the RFC takes into account all of Plaintiff's limitations, including those in concentration, persistence, and pace.

    C.    <u>Subjective Complaints</u>

Plaintiff argues that the ALJ also failed to properly weigh her testimony about the intensity, persistence, and limiting effects of her own symptoms. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of a number of other factors relating to "functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. § 404.1529(c)(3). An ALJ is not required to give full credit to every statement of pain made by the claimant or to find a disability each time a claimant states he or she is unable to work.

*See Rucker v. Chater*, 92 F.3d 492, 496 (7th Cir. 1996). However, Ruling 96-7p, in effect at the time of the ALJ's opinion, provides that a claimant's statements regarding symptoms or the effect of symptoms on his ability to work "may not be disregarded solely because they are not substantiated by objective evidence." SSR 96-7p, 1996 WL 374186, at *6 (Jul. 2, 1996).

In this case, the ALJ found Plaintiff's mental impairments to be less limiting than reported because of gaps in seeking therapy and failure to always take medications as prescribed. However, when gaps in treatment are used as a factor in determining whether a claimant's statements regarding her symptoms are credible, an ALJ is required make a determination about whether the lack of treatment is justified and develop the record accordingly. *See* SSR 96-7p at *7; *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) ("Although a history of sporadic treatment or the failure to follow a treatment plan can undermine a claimant's credibility, an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference."); *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) ("[T]he ALJ 'must not draw any inferences' about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care.") (quoting SSR 96-7p). That failure is particularly concerning in this case given Plaintiff's documented mental illnesses and the fact that she explained that she did not have the financial means to pay for treatment. Rather than considering that Plaintiff's mental health limitations may have made it *more* difficult for her to remember to take her medications or to seek out discounted mental health treatment from unknown providers, the ALJ opined that if Plaintiff's "impairments were truly as limiting as she suggests, the undersigned would expect her to seek out alternative, less expensive treatment methods, or any free medical services." AR 26. As the Seventh Circuit has emphasized, "mental illness . . . may prevent the sufferer from taking her prescribed medicines or otherwise

11

submitting to treatment." *Kangail v. Barnhart*, 454 F.3d 627, 630 (7th Cir. 2006); *see also Jelinek*, 662 F.3d at 814 (listing cases).

The apparent misunderstanding of mental health evidence also extends to the ALJ's discounting Plaintiff's limitations because the record contains reports of good days and logical reasoning as well as reports of rambling thought process and impaired judgment. The Seventh Circuit Court of Appeals has warned against this type of "cherry-picking" of mental health evidence, particularly because "a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition." *Punzio*, 630 F.3d at 710. Instead, "[t]he very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated." *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011); *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) ("[S]ymptoms that 'wax and wane' are not inconsistent with a diagnosis of recurrent, major depression. 'A person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days.'") (quoting *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008)).

On remand, the ALJ is directed to fully consider Plaintiff's reported physical and mental limitations, both alone and in combination, and to weigh evidence of mental limitations, in particular, in accordance with applicable law and regulations, analyzing whether characteristics that might otherwise show lack of consistency may in fact be evidence of mental health problems.

D.   Remedy

Plaintiff requests that the Court reverse the Commissioner's decision and remand for an

award of benefits. An award of benefits is appropriate "only if all factual issues have been resolved and the record supports a finding of disability." *Briscoe*, 425 F.3d at 356. In this case, the ALJ failed to properly weigh the medical evidence in the record, failed to draw a logical bridge from the evidence to her conclusions, and failed to properly assess Plaintiff's statements about her limitations. credibility. Plaintiff has not met her burden of showing that she meets the Listings or presented a developed argument in favor of an award of benefits. Accordingly, this matter is remanded for further proceedings.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 13th day of March, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record